```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :
                                        :   16cr739 (DLC)
            -v-                         :   23cv8588 (DLC)
                                        :
GABRIEL ARIAS ROSA,                     :   ORDER
                                        :
                        Defendant.      :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On July 31, 2018, the defendant Gabriel Arias Rosa ("Arias") was sentenced principally to a term of imprisonment of 120 months. He did not file an appeal of his conviction. In a § 2255 petition dated September 22, 2023, and docketed on September 29, the defendant claims that his plea was not knowing or voluntary.

The defendant is advised that 28 U.S.C. § 2255 imposes a "1-year period of limitation" on the filing of a petition under that section. 28 U.S.C. § 2255(f)(1). The one-year period of limitation begins to run, as relevant to this motion, from "the date on which the judgment of conviction becomes final." Id.; Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (finding that, where a defendant did not appeal, a conviction is final under § 2255 after the period for filing a direct appeal expires). Judgment of the defendant's conviction became final

1

on August 24, 2018. The one-year time limit to file therefore expired on August 24, 2019.

A petitioner may secure equitable tolling of the limitations period for filing a federal habeas petition only in "rare and exceptional circumstances." Clemente v. Lee, 72 F.4th 466, 478 (2d Cir. 2023) (citation omitted). To benefit from equitable tolling, the petitioner must establish that: (a) extraordinary circumstances prevented him from filing a timely petition, and (b) he has been pursuing his rights diligently. Doe v. United States, No. 22-843, 2023 WL 4874694, at *4 (2d Cir. Aug. 4, 2023); Holland v. Florida, 560 U.S. 631, 649 (2010). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Doe, at *6 (citation omitted). The party seeking equitable tolling "is required to show reasonable diligence in pursuing his claim throughout the period he seeks to have tolled." Smalls v. Collins, 10 F.4th 117, 145 (2d Cir. 2021) (citation omitted). "This showing cannot be made if the party, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Id. (citation omitted). Accordingly, it is hereby

ORDERED that the defendant may make a submission to the Court by **November 29, 2023**, demonstrating that he has acted diligently and that there were extraordinary circumstances that

prevented him from timely filing his § 2255 petition. In the event that the defendant fails to make such a showing, this petition shall be dismissed as time-barred.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Arias a copy of this Order and note mailing on the docket.

Dated:  New York, New York
        October 4, 2023

                                                    DENISE COTE
                                    United States District Judge